**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

```
--------------------------------------------------  X
                                                    :
                                                    :
                                                    :
                                                    :
   VICTOR JIMENEZ                                   :
                                                    :
              Plaintiffs                            :
                    v.                              :
                                                    :
                                                    :
                                                    :
   DELTA AIR LINES, INC.                            :
                                                    :
              Defendant.                            :
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :
                                                    :
--------------------------------------------------X
```

Civil Action No.:

**COMPLAINT**

To remedy discrimination on basis of Dominican ethnicity and race pursuant to 42 USC Sec. 1981 et seq.

**Jury Trial Demanded**

Plaintiff, Victor Jimenez, by and through his undersigned attorneys, complaining of Defendant, Delta Air Lines, Inc., brings the instant action requesting judgment in his favor, and against Defendant, and in support thereof, alleges, upon information and belief, as follows:

**NATURE OF ACTION**

1.     Delta Air Lines has engaged in a pattern of intentionally discriminating and retaliating against Victor Jimenez based upon his race and ethnicity.

2.     Plaintiff is an ethnically Dominican FAA Certified Aircraft Maintenance Technician ("AMT") employed by Defendant Delta Air Line.  An AMT is an aircraft mechanic, responsible for repair, maintenance and certification of safety and flight worthiness of airplanes.  Plaintiff brings this action seeking damages and injunctive relief from this Honorable Court against Delta to force Delta to cease insidious racially discriminatory misconduct of Delta Air Lines.

**PARTIES**

3.     Plaintiff, Victor Jimenez, is an adult individual, residing at 10453 124th Street,

Richmond Hill, NY 11419.  At all times material hereto, Mr. Jimenez was employed by

Defendant, Delta Air Lines, as an AMT.  In his capacity as an employee of Delta, Mr. Jimenez

worked as an AMT at LaGuardia Airport in New York for almost eight years.  Plaintiff's

employment was wrongfully terminated by Delta in or around June 7, 2018.

4.   Prior to working for Delta, Plaintiff's work history is as follows:

   a.   Plaintiff trained as a pilot from 1996-1999 and occasionally flew single

        instrument planes until 2001.

   b.   In 2002, Plaintiff enrolled in a 16-month program to become certified as a

        mechanic.

   c.   From 2002-2007, Plaintiff worked at Skytypers as a mechanic and director

        of maintenance. He traveled across the country fixing planes. During that

        time, Plaintiff worked with Talon, maintaining small business jets. After a

        year and a half Plaintiff left Talon's employ on good terms.

   d.   From 2007-2009, Plaintiff worked at Aviation Avionics Corporation

        repairing aviation instruments.

   e.   From 2009-2018, Plaintiff was employed by Delta Air Lines Inc. His

        employment was terminated just shy of 8 years.

5.   Defendant, Delta Air Lines, Inc., is a corporation duly organized and existing under the

     laws of the State of Delaware, with headquarters in Atlanta, Georgie.  Delta employs

     more than 80,000 employees worldwide and, as of January, 2017, flew to 57 countries

     on 6 continents.  In 2013, Delta was the world's largest airline in terms of passengers

carried, at 120.6 million passengers.  Delta has numerous key hubs and markets including but not limited to New York, at JFK International Airport and LaGuardia Airport.

## JURISDICTION AND VENUE

6.      The above paragraphs are incorporated herein by reference.

7.      Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law, to wit: 42 U.S.C. § 1981.

8.      Venue is proper in the Eastern District of New York, as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district. at LaGuardia Airport, in Queens County, New York.

## STATEMENT OF FACTS

9.      The foregoing paragraphs are incorporated herein by reference.

10.     Plaintiff has been subjected to a hostile and threatening environment based on his race and ethnicity by Mr. John Magnawski, Station Manager on Line Maintenance at Delta Air Lines Inc.  In two specific incidents, Mr. Magnawski made derogatory comments about Plaintiff's ethnic and national identity.

11.     On or about December 24, 2015, Plaintiff's niece and nephew flew from Atlanta, Georgia to the Dominican Republic to visit their father for the holidays.  Plaintiff issued buddy passes to his sister because of her frequent trips to the Dominican Republic.  When his niece and nephew presented themselves to the gate agent in Atlanta, the agent asked for their credit card to verify purchase.  Plaintiff's niece and nephew provided the record locator, issued to them by Plaintiff, and said that their father had purchased the tickets in the Dominican Republic.

According to the gate agent, Plaintiff's niece and nephew were rude and cursed at him during the interaction.

12.     Following the December 2015 holidays, Plaintiff was pulled into Mr. Magnawski's office to respond to at email sent from the agent to Mr. Magnawski.  When confronted with allegations of wrongful conduct by his niece and nephew, Plaintiff requested an investigation into the incident by looking at the cameras at the Atlanta airport and a conversation with his niece and nephew.  Mr. Magnawski told Plaintiff to "take one for the team" and asked "why is it that Dominicans always have a problem when they are traveling."  Mr. Magnawski then wrote Plaintiff up, reprimanded him, and threatened to revoke Plaintiff's privileges for a year should another incident occur.

13.     On or about January 4, 2018, Plaintiff was working his usual shift on between two and four airplanes.  Whenever Plaintiff and his co-workers worked on the airplanes, they would come to each other with requests for assistance.  On or about the night of January 4, 2018, a co-worker was sent to assist Plaintiff with one of the planes he was working.  Plaintiff later learned that a passenger on that plane had left a laptop.  About a month later, Plaintiff's manager Jose Matos informed Plaintiff that a laptop had been left on the plane and that Port Authority had asked for a manifest of who was working that night.

14.     On or about April 11, 2018, around 11:00 pm, Port Authority officials came to LaGuardia Airport and took the co-worker in for questioning.  Plaintiff was also questioned by Port Authority officials.  Plaintiff was asked whether he had worked on the night of January 4, 2018 and if he had worked the airplane with the missing laptop. Plaintiff responded that he was working that night but could not recall each plane he worked.  Port Authority officials informed Plaintiff that the lost laptop pinged from a GPS tracker in a former co-worker's home and a half

a mile from the co-worker's home.  Plaintiff responded that although he has known the former

co-worker for six years, he has never seen anyone take something off an airplane, except for

water.  After telling the Port Authority officials to check camera footage of the incident, Plaintiff

wrote a statement that he had no knowledge of the incident.  When asked about the co-worker,

Port Authority officials responded that his ID and badge were taken and that he would likely be

arrested.

15.     On or about April 12, 2018, Plaintiff's manager, Mr. John Magnawski, called him in to

discuss the Port Authority investigation.  Mr. Magnawski said to Plaintiff, "Dominicans are the

usual suspects."  Since the incident, Plaintiff has been cleared of all suspicion by both the Port

Authority and Delta Air Lines corporate officials.

16.     On or about May 17, 2018, Delta Airlines' Human Resources department questioned

Plaintiff.  After completing a ten-hour shift, at 6:00 am, Eric Johnson, a member of the Human

Resources department, questioned Plaintiff about the incident.  Plaintiff was told to include in his

follow-up report that he and his co-worker were good friends.  He was also told to include that

he and his co-worker had traveled on vacation together.  Plaintiff contacted the Director of

Human Resources and requested another human resource member question him about the

incident.  Plaintiff told the Director of Human Resources that he believed Mr. Johnson was not

an objective observer given his friendship with Mr. Magnawski.

17.     On or about May 17, 2018, Plaintiff was suspended by Delta Air Lines Inc.  On or

about June 7, 2018, Plaintiff was terminated from Delta Air Lines Inc.

18.     The termination of Plaintiff's employment was pretextual and discriminatory on the

basis of his complaints concerning safety and/or his Dominican ancestry.

## STATEMENT OF CLAIMS

## COUNT I.
## 42 U.S.C. Sec. 1981
## DISCRIMINATION IN THE MAKING
## AND ENFORCEMENT OF CONTRACTS
## <u>BASED UPON DOMINICAN ETHNICITY</u>

### *<u>Plaintiffs v. Defendant Delta Air Lines, Inc.</u>*

19.    The above paragraphs are hereby incorporated herein by reference.

20.    The foregoing actions of Defendant violated Plaintiff's rights pursuant to 42 USC Sec.

1981, which provides, in pertinent part, as follows:

§ 1981. Equal rights under the law
(a) Statement of equal rights
All persons within the jurisdiction of the United States shall have the same right in every
State and Territory to make and enforce contracts.... as is enjoyed by white citizens, and shall be
subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to
no other.

(b) "Make and enforce contracts" defined
For purposes of this section, the term "make and enforce contracts" includes the making,
performance, modification, and termination of contracts, and the enjoyment of all benefits,
privileges, terms, and conditions of the contractual relationship.

(c) Protection against impairment
 The rights protected by this section are protected against impairment by nongovernmental
discrimination and impairment under color of State law. Id. (emphasis added).

21.    Delta Air Lines evidenced a settled intent to discriminate against Plaintiff by

interfering with Plaintiff's rights to the performance and enjoyment of the benefits of their

contracts of employment with Delta.

22.    Delta Air Lines wrongfully targeted those of Dominican ancestry and ethnicity, on the

basis of race, intentionally.

23.    Delta Airlines intentionally restricted the Plaintiff's contractual benefits based upon

illicit discrimination.

24.    The aforesaid conduct of Delta was intentional and undertaken in reckless disregard for the federally protected civil rights of Plaintiff.

25.    Delta also retaliated against Plaintiff for raising Complaints.

26.    Plaintiff's work environments constitute a hostile and discriminatory environment in that the discrimination they must suffer is pervasive and/or severe.

27.    As a result of the said violation of 42 U.S.C. § 1981, Plaintiff has suffered discrimination, humiliation, embarrassment, and other harms, and are entitled to entry of judgment in their favor, and against Defendant, together with an award of declaratory and injunctive relief, damages, and ancillary relief as provided by 42 U.S.C. § 1988.

**COUNT II.**
**42 U.S.C. Sec. 1985**
**<u>CIVIL RIGHTS CONSPIRACY</u>**

***<u>Plaintiffs v. Defendant Delta Air Lines, Inc.</u>***

28.    The foregoing paragraphs are incorporated herein by reference.

29.    The foregoing conduct of Defendant violates Plaintiff's rights pursuant to 42 U.S.C. Sec. 1985, which proscribes any agreement or conspiracy to violate Plaintiff's federally protected civil rights, including those rights under 42 U.S.C. Sec. 1981.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff, Victor Jimenez, respectfully requests that this Honorable Court enter judgment in his favor and against Delta, and Order the following relief:

a.    A declaratory judgement declaring that Delta has illegally discriminated against Plaintiff;

Case 1:18-cv-06448-WFK-VMS  Document 1  Filed 11/13/18  Page 8 of 9 PageID #: 8

b.  Make whole order for Plaintiff, both in terms of pay, compensation, benefits, terms and conditions and emoluments of employment, including but not limited to back pay, front pay, and any pay differential;

c.  Payment of compensatory and punitive damages, to Plaintiff in an amount to be determined at trial; and,

d.  An appropriate order directing and requiring the cessation of all acts of proscribed racial discrimination as required pursuant to 42 U.S.C. § 1981, including but not limited to a civil rights monitor or trustee, and for such further or additional relief as is appropriate in the interests of justice.

e.  A declaratory judgment that Defendant has violated 42 U.S.C. Sec. 1985 and an order for payment of all compensatory and punitive damages awarded after trial;

f.  An award of Plaintiff's attorneys' fees and costs of suit as provided by 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues so triable herein.

Respectfully submitted,

MILDENBERG LAW FIRM
Brian R. Mildenberg, Esq.
PA Attorney ID No. 84861
1735 Market St.,
Suite 3750
Philadelphia, PA 19103
215-545-4870
Fax: 215-545-4871
brian@mildenberglaw.com
www.MildenbergLaw.com
Attorney for Plaintiffs
(pro hac vice pending)

WEISBERG LAW
Matthew B. Weisberg, Esq.
PA Attorney ID No. 85570
7 South Morton Ave.,
Morton, PA 19070
610-690-0801
Fax: 610-690-0880
Attorney for Plaintiffs
(pro hac vice pending)

PAWAR GROUP P.C.
Vik Pawar, Esq.
20 Vesey St.,
Suite 1210
New York, NY 10007
212-571-0805
Fax: 212-571-0938
Local Counsel


Dated:  November 9, 2018