UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| VICTOR JIMENEZ,<br><br>                     **Plaintiff,**<br><br>-against-<br><br>**DELTA AIR LINES, INC.**<br><br>                     **Defendant.** | Civil Action No. 1:18-cv-6448-WFK-VMS |

### DEFENDANT'S ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Delta Air Lines, Inc. ("Delta" or "Defendant"), by and through its attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Complaint of Plaintiff Victor Jimenez ("Jimenez" or "Plaintiff"), filed November 13, 2018 (Dkt. No. 1), in accordance with the numbered paragraphs thereof as set forth below:

### NATURE OF ACTION

1. Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in Paragraph 2 of the Complaint, except admits that Plaintiff self-identifies as being ethnically Dominican, was employed by Delta as an Aircraft Maintenance Technician ("AMT"), responsible for, among other things, repairing and maintaining airplanes, and that Plaintiff purports to proceed as set forth in this paragraph.

### PARTIES

3. Defendant denies the allegations in Paragraph 3 of the Complaint, except upon information and belief admits to the information concerning Plaintiff's address, and admits that Plaintiff was employed by Delta as an AMT from on or about June 28, 2010, until June 7, 2018.

4. Defendant denies having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 4 of the Complaint concerning Plaintiff's work history prior to working for Delta.  Defendant avers that Plaintiff was employed by Delta as an AMT from on or about June 28, 2010, until June 7, 2018.

5. In response to Paragraph 5, Defendant avers that it is a Delaware corporation, that its headquarters is located in Atlanta, Georgia, and that it maintains operations at John F. Kennedy International Airport and LaGuardia Airport, both located in Queens, New York.  In response to Paragraph 5, Defendant further avers that, it serves customers in 52 countries on six continents, that serves more than 180 million passengers annually, and that according to reports, it carried the most scheduled passengers, 120.6 million, in 2013.

## JURISDICTION AND VENUE

6. Defendant repeats and realleges its responses to Paragraphs 1 – 5 of the Complaint as if stated in full.

7. The allegations in Paragraph 7 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331.

8. The allegations in Paragraph 8 of the Complaint are legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations in Paragraph 8 of the Complaint, except admits that the Eastern District of New York is a proper venue for this action.

## STATEMENT OF FACTS

9. Defendant repeats and realleges its responses to Paragraphs 1 – 8 of the Complaint as if stated in full.

10. Defendant denies the allegations in Paragraph 10 of the Complaint.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint, except admits that records reflect that Plaintiff worked on January 4, 2018, that upon information and belief a passenger's laptop purportedly left on one of the planes Plaintiff worked on went missing on or about January 4, 2018, and that the Port Authority and Delta investigated the matter.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint, except admits that upon information and belief, the Port Authority conducted an investigation into a passenger's missing laptop.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. Defendant denies the allegations in Paragraph 16 of the Complaint, except admits that Plaintiff was interviewed by Delta's Human Resources Department on or about May 17, 2018, concerning the missing laptop. Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about Plaintiff's purported communications with "the Director of Human Resources" as alleged in this paragraph.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

## COUNT I

### 42 U.S.C. Sec. 1981 DISCRIMINATION IN THE MAKING AND ENFORCEMENT OF CONTRACTS BASED UPON DOMINICAN ETHNICITY

19. Defendant repeats and realleges its responses to Paragraphs 1 – 18 of the Complaint as if stated in full.

20. Defendant denies the allegations in Paragraph 20 of the Complaint, and respectfully refers the Court to the referenced statute for a complete and accurate statement of its contents.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

## COUNT II
### 42 U.S.C. Sec. 1985 CIVIL RIGHTS CONSPIRACY

28. Defendant repeats and realleges its responses to Paragraphs 1 – 27 of the Complaint as if stated in full.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any type of remedy, relief, or damages in this action whatsoever, including any of the relief sought in this paragraph.

## JURY DEMAND

Defendant objects to Plaintiff's demand for a trial by jury of any issue not required by law to be tried to a jury, including but not limited to any determination of equitable remedies or attorneys' fees or costs, as those remedies and damages are to be decided by the Court.

## GENERAL DENIAL

Defendant denies each and every allegation of fact, conclusion of law, or other matter set forth in the Complaint that has not been expressly admitted herein.

## DEFENSES

Defendant asserts the following defenses without conceding that it bears the burden of proof as to any of the following defenses. Defendant reserves the right to assert such additional defenses that may appear and prove applicable during the course of this litigation and its continued investigation.

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Defendant's actions toward Plaintiff were taken based upon legitimate, non-discriminatory and non-retaliatory reasons.

3. Plaintiff's claims under 42 U.S.C. § 1985 are barred by the intra-corporate conspiracy doctrine.

4. In the event that Plaintiff can demonstrate that his race or ethnicity was a motivating factor in any decision that he challenges, though such is not admitted herein, he is not entitled to monetary damages or other relief because Defendant would have taken the same action in the absence of any such allegedly impermissible factor(s). Defendant reserves the right to assert a mixed-motive defense.

5. Plaintiff's claims may be barred, in whole or in part, because he has not suffered any injury or damages as a result of any act or omission of Defendant.

6. Any emotional distress, mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, or loss of reputation Plaintiff purportedly suffered was not caused by Defendant or any of its employees or agents.

7. Plaintiff's damages, if any, were solely and proximately caused by his own negligent, reckless, or intentional conduct. Plaintiff's claims are barred to the extent he purports to seek damages that are not available under the applicable statute.

8. Plaintiff is not entitled to punitive damages because all actions regarding Plaintiff were taken in good faith efforts to comply with all applicable statutes and laws and for legitimate reasons. Defendant did not act with an improper motive or reckless disregard of Plaintiff's protected rights and/or Plaintiff cannot prove a willful violation. Further, Plaintiff is precluded from recovering punitive damages because an award of punitive damages would be an unconstitutional denial of Defendant's rights to due process and/or equal protection under the Fifth and Fourteenth Amendments and the laws of the State of New York.

9. Plaintiff's claims are barred or diminished to the extent he has failed to mitigate or minimize his damages, the existence of which are denied.

10. Plaintiff's claims may be barred, in whole or in part, by any and all applicable statutes of limitations, to the extent that he has failed to assert some or all claims in a timely fashion.

11. Plaintiff's claims may be barred, in whole or in part, to the extent that he has violated policies and guidelines or disregarded instructions.

12. Plaintiff's claims may be barred, in whole or in part, by the doctrines of laches, estoppel, and/or unclean hands.

13. Plaintiff's claims or remedies may be diminished or barred to the extent that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to otherwise avoid harm.

14. Plaintiff's claims are frivolous, unreasonable, and groundless and, accordingly, Defendant is entitled to recover all costs and attorneys' fees incurred herein based on, inter alia, the United States Supreme Court's decision in *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978).

15. Although Defendant denies any wrongdoing, if any improper, illegal, or discriminatory acts were taken by any of Defendant's employees against Plaintiff, such acts were outside the course and scope of that employee's employment, contrary to Defendant's policies, and not ratified, confirmed, or approved by Defendant. Thus, any such actions were independent, intervening, and unforeseeable acts that cannot be attributed or imputed to Defendant.

16. If Defendant's conduct is deemed to be unlawful, although such is denied, none of Defendant's acts or omissions constitutes a willful violation of federal, state, or local law.

17. Plaintiff's claims are barred, in whole or in part, by the affirmative defense available under *Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S Ct 2275 (1998) and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742 (1998). Defendant acted at all times in good faith and consistently maintained, implemented, and enforced its policy in the workplace against discrimination, harassment, and retaliation and otherwise exercised reasonable care to prevent and address promptly any claims of discrimination and/or harassment and Plaintiff unreasonably

failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm.

18. Defendant's actions at all times were reasonable, proper, lawful, constitutional, made in good faith, and without malice, and were in conformity with all applicable law, rules, and regulations.

## RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer and Separate Defenses, including its responses to the allegations of the Complaint, and to add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE,** Defendant respectfully submits that the claims asserted in Plaintiff's Complaint should be dismissed, with prejudice, in their entirety and that Defendant should be awarded its attorneys' fees and costs incurred in defending this action, as well as any such other and further relief as the Court may deem just and proper.

Dated: February 4, 2019
New York, New York

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Ira G. Rosenstein*
Ira G. Rosenstein
John P. Guyette
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
ira.rosenstein@morganlewis.com
john.guyette@morganlewis.com

*Attorneys for Defendant Delta Air Lines, Inc.*

## **CERTIFICATE OF SERVICE**

   I, John P. Guyette, hereby certify that a true and correct copy of the foregoing Answer and Separate Defenses to Plaintiff's Complaint was served via ECF on this 4th day of February, 2019 upon attorneys for Plaintiffs.

| Dated:  February 4, 2019 | */s/ John P. Guyette* |
| --- | --- |
| | John P. Guyette |